# FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | | |
|---|---|---|
| **MARGERY A. BRANDON** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Civil Action No.: 3:09-CV-332 |
| | ) | Varlan/Shirley |
| **REDLINE RECOVERY** | ) | |
| **SERVICES, LLC and** | ) | Jury Trial Demanded |
| **ASSET ACCEPTANCE, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

## I.   INTRODUCTION

1.  This action arises out of Defendant's violations of the Fair Debt Collection
    Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), in their illegal efforts to
    collect a consumer debt.

2.  The FDCPA broadly prohibits unfair or unconscionable collection methods;
    and any false, deceptive or misleading statements, in connection with the
    collection of a debt. 15 U.S.C. §§ 1692e and 1692f.

3.  Specifically, the FDCPA bars debt collectors from communicating with third
    parties other than the consumer, the consumer's attorney, a consumer

reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, except under certain very limited circumstances enumerated by statute, i.e., acquiring the consumer's "location information". 15 U.S.C. §§ 1692a(7), 1692c(b) and 1692b.

4.    Despite this prohibition and despite knowing Plaintiff's address, Defendants sent a letter to Plaintiff claiming to collect information on the consumer from "others" when, under the FDCPA, they clearly could not legally do so. Accordingly, Defendants' letter is false, deceptive and misleading to the least sophisticated consumer and is a violation of the FDCPA. 15 U.S.C. §§ 1692e and 1692f.

## II.    JURISDICTION AND VENUE

5.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

6.    Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## III.    PARTIES

7.    Plaintiff Margery A. Brandon (hereinafter "Plaintiff") is a natural person who resides in Knox County, Tennessee, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8.  Defendant Redline Recovery Services, LLC (hereinafter "Defendant Redline") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and is a for-profit corporation organized in Georgia, that maintains Lexis Document Services Inc., 2908 Poston Avenue, Nashville, TN 37203 as its registered agent for service of process.

9.  Defendant Asset Acceptance, LLC (hereinafter "Defendant Asset Acceptance") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and is a for-profit corporation organized in Delaware, that maintains CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929-9710 as its registered agent for service of process.

10. Defendant Asset Acceptance is engaged in the business of purchasing alleged charged-off consumer debts and attempting to collect them from the consumer.

11. On information and belief, Defendant Asset Acceptance pays less than ten cents on the dollar for the debts it purchases.

## IV.  **FACTUAL ALLEGATIONS**

12. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card bill originally owed

to or serviced by First USA Bank that went into default in 2000, and which is allegedly owed in the amount of $11,856.90.

13.     Sometime prior to October 3, 2008, Plaintiff's alleged debt was consigned, placed, sold or otherwise transferred to Defendants for collection from Plaintiff, when thereafter Plaintiff received collection communications and was subjected to collection acts from Defendants, all in an attempt to collect this debt.

### *October 3, 2008 Collection Letter and Privacy Policy*

14.     On or about October 3, 2008, Defendant Redline sent a collection letter to Plaintiff dated October 3, 2008.

15.     This collection letter was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

16.     This communication sought to collect a debt allegedly owed to Defendant Asset Acceptance. A redacted copy of the collection letter is filed as Exhibit 1 to this Complaint.

17.     In an envelope with the October 3, 2008 communication was the "Asset Acceptance LLC A Debt Collection Company Privacy Policy". A copy of the Privacy Policy is filed as Exhibit 2 to this Complaint.

18.     The Privacy Policy was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

19. Defendant Asset Acceptance's Privacy Policy mailed by Defendant Redline contains the following statements in pertinent part:

> **COLLECTING INFORMATION.** We obtain Customer Information about you as permitted by law from: applications or other forms you have filled out; your transactions with us, prior owners of your account, our affiliates, <u>or others</u>; and consumer reports (including credit reports). <u>This information includes your name, your address, your social security number, your current and former employers, your payment history and your account balances</u>. (underline added)

20. The FDCPA, 15 U.S.C. § 1692a(7), states:

> The term "location information" means a consumer's place of abode and his telephone number at such place, or his place of employment.

21. The FDCPA, 15 U.S.C. § 1692b, states, in pertinent part:

> **Acquisition of location information**
>
> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall –

(1)     identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;

(2)     not state that such consumer owes any debt;

(3)     not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information; . . .

22.     The FDCPA, 15 U.S.C. § 1692c(b), states:

**Communications with third parties—** Except as provided in section 1692b of this title [which expressly permits the acquisition of "location information"], without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise

permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

23. The FDCPA, 15 U.S.C. § 1692e, states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> (5)   The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

24. The FDCPA forbids a debt collector from discussing a consumer's debt with any third parties except under limited circumstances not present here.

25. For that reason, Defendants may not collect information about the Plaintiff other than "location information" from others.

26. The statement that Defendants collect such information from others is misleading and deceptive.

27. It misleads the consumer into believing that third parties may be contacted and asked to provide information concerning the consumer other than "location information", when the FDCPA forbids such third party contact.

28. If false, the statement that Defendant obtains information such as "your social security number, your current and former employers, your payment history and your account balances" from "others" is misleading and deceptive in violation of the FDCPA, 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), and is an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

29. If true, the third party contact is patently unlawful.

## *Respondeat Superior Liability*

30. The acts and omissions of Defendant Redline, and the other debt collectors employed as agents by Defendant Asset Acceptance and who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Asset Acceptance.

31. The acts and omissions by Defendant Redline, and the other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Asset Acceptance in collecting consumer debts.

32. By committing these acts and omissions against Plaintiff, Defendant Redline, and the other debt collectors were motivated to benefit their principal, Defendant Asset Acceptance.

33. Defendant Asset Acceptance is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by its collection employees including, but not limited to violations of the FDCPA, in their attempts to collect this alleged debt from Plaintiff.

### *Summary*

34. The above-detailed conduct by these Defendants in an effort to collect the alleged debt, including, but not limited to making false, deceptive and/or misleading representations in their communications to Plaintiff, was a violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

## V. **TRIAL BY JURY**

35. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

# VI.   CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 *et seq.*

36.   Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

37.   The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, with respect to Plaintiff.

38.   As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

# COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

07/23/09                              Respectfully submitted,

                                      **MARGERY A. BRANDON**


_____
Alan C. Lee, Esq.
Of Counsel – The Pope Firm
Attorney for Plaintiff
BPR #012700
P. O. Box 1357
Morristown, TN 37816-1357
(423) 586-4300
alan@thepopefirm.com

# VERIFICATION OF COMPLAINT AND CERTIFICATION

**STATE OF TENNESSEE**  )
**COUNTY OF KNOX**  )

Plaintiff Margery A. Brandon, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.


Date: *July 21, 2009*    By: *Margery A. Brandon*
                              Margery A. Brandon

Subscribed and sworn to before me this ___∂|___ day of July 2009.

_Melissa Ayers_
Notary Public
8·∂9-12